UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH P WYNNE,<br>  Plaintiff,<br>  v.<br>PATRICIA ARTEAGA,<br>  Defendant. | Case No. 23-cv-02365-DMR<br><br>**ORDER RE: MOTION TO SEAL**<br>Re: Dkt. No. 27 |

Plaintiff filed an "Administrative Motion to Consider Whether Material Should be Sealed" in connection with her Motion for Summary Judgment.[1] [Docket No. 27 ("Mot. to Seal").] For the following reasons, the motion is denied.

Plaintiff's motion is confusing. Plaintiff appears to move to seal several documents in their entirety: 1) Plaintiff's Motion for Summary Judgment, 2) the Declaration of Elizabeth P. Wynne, including Exhibit A, 3) Exhibits 1-6 attached to the Declaration of George R. Nemiroff, and 4) a proposed order filed in connection with Plaintiff's Motion for Summary Judgment. Mot. to Seal at 2. However, with the exception of Wynne's declaration and attachments thereto, redacted versions of these documents were publicly filed on December 1, 2023. [*See* Docket Nos. 26, 26-1, 26-3.] Thus, it is not clear whether Plaintiff seeks to seal the documents in whole or in part.

To the extent Plaintiff seeks to seal the documents in their entirety, the request is denied as overbroad and without compelling justifications. *See* N.D. Cal. L.R. 79-5(a) ("A party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)"); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

---

[1] The court assumes Plaintiff intended to file an Administrative Motion to File Under Seal under Local Rule 79-5.

1178 (9th Cir. 2006) ("A party seeking to seal a judicial record . . . bears the burden of overcoming th[e] strong presumption [in favor of access] by meeting the 'compelling reasons' standard.").

However, as Plaintiff points out, the documents contain social security numbers, birth dates, and financial account numbers that should not be filed publicly consistent with Federal Rule of Civil Procedure 5.2.[2] Although the public versions of Docket Nos. 26, 26-1, and 26-3 attempt to black out this information, some of the redactions do not comply with Rule 5.2. For example, the Motion for Summary Judgment redacts the entirety of Plaintiff's birth date, even though Rule 5.2 allows parties to include the year of an individual's birth. Likewise, the version of the Motion for Summary Judgment filed under seal fails to comply with Rule 5.2 as it includes the day, month, and year of Plaintiff's birth. Accordingly, Plaintiff is ordered to re-file redacted versions of Docket Nos. 26, 26-1, 26-3 consistent with Rule 5.2.[3]

Plaintiff's request to seal the Declaration of Elizabeth P. Wynne and Exhibit A attached thereto is also not clear. First, Plaintiff's motion to seal does not mention Exhibit B attached to Wynne's Declaration, even though the declaration and both exhibits were filed under seal. [*See* Docket No. 26-2.] In any event, Plaintiff's motion to seal these documents in their entirety is denied for the reasons described above. Nevertheless, because the documents contain sensitive

---

[2] Rule 5.2(a) provides:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

[3] While Rule 5.2(a) only permits parties to include certain types of personal identifying information in documents filed with the court, it does not provide a basis for sealing this information. *See Student A v. Berkeley Unified Sch. Dist.*, No. 17-CV-02510-MEJ, 2017 WL 11580068, at *2 (N.D. Cal. May 17, 2017) (ordering plaintiffs to provide additional information to conform with Local Rule 79-5 where plaintiffs relied only on Rule 5.2 to seal minor's identity).

personal information, Plaintiff shall refile a redacted version of Docket No. 26-2 consistent with Rule 5.2.

For the foregoing reasons, by February 16, 2024 Plaintiff is ordered to refile Docket Nos. 26 through 26-3 publicly – with only personal identifying information redacted in compliance with Rule 5.2. Docket Nos. 26 through 26-3 and 27-3 through 27-6 shall be removed from the docket.

**IT IS SO ORDERED.**

Dated: February 2, 2024

_____
Donna M. Ryu
Chief Magistrate Judge